**In re John C. BOGGS, Petitioner,**

v.

**U.S. RAILROAD RETIREMENT BOARD, et al., Respondent.**

**No. 82–5504**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 21, 1984.

Dale G. Zimmerman, Gen. Counsel, Railroad Retirement Bd., Edward S. Hintzke, Arthur A. Arfa, Chicago, Ill., for respondent.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

GODBOLD, Chief Judge:

The U.S. Railroad Retirement Board denied Boggs's claim for a disability annuity under 45 U.S.C. Sec. 231a(a)(1)(v) (1976). The case is on direct review from the Board's determination of nondisability. 45 U.S.C. Sec. 231g (1976) (incorporating by reference 45 U.S.C. Sec. 355(f) (Supp. V 1981)).

Boggs filed a claim for a disability annuity in November 1978. The Board's Bureau of Retirement Claims denied the application initially and on reconsideration. Boggs requested and received a hearing from an appeals referee of the Board's Bureau of Hearings and Appeals. The referee found that he could perform light work and therefore denied the claim.

The Board itself next considered Boggs's claim. The Board concluded that he could do light work. It then applied the Social Security Administration's Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Sec. 200.00 et seq. (1983) ("the grids") and determined that Boggs was not disabled. The Board took this action on April 16, 1981.

The Board's decision was mailed to Boggs on April 17, 1981. He filed a petition for review in federal district court on April 16, 1982. The clerk of the Eleventh Circuit filed the petition for review on April 24, 1982. 45 U.S.C. Sec. 231g provides for judicial review of the Board's decision if the petition for review is commenced within "one year after the decision will have been entered upon the records of the Board and communicated to the claimant."

I. Timeliness of filing

Fed.R.App.P. 4(a) provides that "[i]f a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted." Fed.R.App.P. 15, which governs petitions for review of orders of administrative agencies, does not consider how to treat petitions erroneously filed in the district court rather than the court of appeals. Using the principle of Rule 4(a) by analogy, we conclude that Boggs's peti-

tion for review was timely filed. We therefore deny the motion to dismiss for lack of jurisdiction.

## II. Use of the grids

■ This court held the grids invalid in part in *Broz v. Schweiker,* 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz,* —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,* 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir. 1983). We find that the Board relied on the grids rather than used them in an advisory capacity. We therefore reverse and remand to the Board for reconsideration in light of *Broz.*

REVERSED and REMANDED.