**Melinda RAKES and Sylvester Bates, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**The HOUSING AUTHORITY OF THE CITY OF DUNBAR, Defendant.**

**Civ. A. No. 5:91–0247.**

United States District Court, S.D. West Virginia, Beckley Division.

June 17, 1991.

David Anthony Sade, Legal Aid, Charleston, W.Va., for plaintiffs.

Mark E. Kauffalt, Michele Grinberg, Charleston, W.Va., for defendant.

## ORDER

HALLANAN, District Judge.

This matter is before the Court via Defendant's Motion to Clarify or to Modify the Court's Order of March 25, 1991 granting Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. Having carefully considered the papers presented, the Court is prepared to issue its ruling herein.[1]

On March 25, 1991, this Court granted Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction as to the claims of Melinda Rakes and Sylvester Bates. The Court found the subject lease termination notice dated November 30, 1988 violative of the Plaintiffs' Fourteenth Amendment right to procedural due process. The Court further found that the Defendant failed to discharge its regulatory duties under 24 C.F.R. § 966.4(j) and thus deprived the Plaintiffs and their counsel of an opportunity to adequately prepare for and confront opposing witnesses at the February 7, 1991 administrative hearing also in violation of the Plaintiffs' Fourteenth Amendment due process rights. Defendant Housing Authority of the City of Dunbar ("Housing Authority") now moves this Court to modify its March 25 Order. Specifically, the Housing Authority takes issue with the Court's interpretation of Department of Housing and Urban Development ("HUD") regulations found at 24 C.F.R. § 966.4(j), particularly

§ 966.4(j)(1). The regulations state as follows:

(j) *Entry of premises during tenancy.* The lease shall set forth the circumstances under which the PHA [Public Housing Authority] may enter the premises during the tenant's possession thereof, which shall include that:

(1) The PHA shall, upon reasonable advance notification to the tenant, be permitted to enter the dwelling unit during reasonable hours for the purpose of performing routine inspections and maintenance, for making improvements or repairs, or to show the premises for re-leasing. A written statement specifying the purpose of the PHA entry delivered to the premises at least two days before such entry shall be considered reasonable advance notification;

(2) The PHA may enter the premises at any time without advance notification when there is reasonable cause to believe that an emergency exists; and

(3) In the event that the tenant and all adult members of his household are absent from the premises at the time of entry, the PHA shall leave on the premises a written statement specifying the date, time and purpose of entry prior to leaving the premises.

24 C.F.R. § 966.4(j)(1)(3).

In its motion, the Housing Authority requests the Court to modify the Order granting injunctive relief to allow the Housing Authority to perform requested maintenance and repairs without providing tenants advance written notice two or more days in advance. The motion speaks directly to § 966.4(j)(1) and its requirement that public housing authorities give tenants "reasonable advance notification" prior to entering a dwelling unit to perform repairs, maintenance and inspections. Most recently, the Court engaged in a literal interpretation of § 966.4(j)(1) and determined that said regulation requires written notification to the tenant of entry into the apartment two or more days in advance.

March 11, 1991.

---

1. The Court affirms and incorporates herein its findings of fact set forth in its Order entered

It is axiomatic to the parties that the Court has struggled in interpreting § 966.4(j)(1). Federal and state courts have yet to interpret § 966.4(j)(1) or the term "reasonable advance notification" within said regulation. In addition, HUD has yet to officially interpret § 966.4(j)(1). Moreover, there is no rulemaking discussion of the underlying intent of the regulation. In challenging our prior interpretation of § 966.4(j)(1), the Housing Authority argues that (1) the Court has construed the regulation quite narrowly to the detriment of the tenants and (2) the Court should interpret § 966.4(j)(1) to regulate only "PHA initiated" entries into a tenant dwelling. As we again examine § 966.4(j)(1), the Court shall contemplate Defendant's arguments.

Having reconsidered and reexamined § 966.4(j)(1) previously, the Court believes it necessary to look again to the history of this regulation and consider how our most recent interpretation of the regulation comports with the purpose and policy of the United States Housing Act of 1937, 42 U.S.C. § 1437, *et seq.*, the parent statute for this regulation.

Much to the Court's misfortune, meaningful history of § 966.4(j)(1) is scant. There is but one shred of regulation history that is potentially helpful to the Court and it is found at Volume 40, No. 153 of the Federal Register, dated August 7, 1975, page 33,403:

"The subsection [866.4(j)] ]² provides for entry of the premises during occupancy. *The Department has added a provision defining reasonable advance notification to the tenant* and has provided for written notice to the tenant for necessary entry while the tenant and all adult members of the household are absent." (emphasis added)

40 Fed.Reg. 33,403 (to be codified at 24 C.F.R. § 866.4(j)). Thus, it appears that the second sentence of § 966.4(j)(1) serves to define reasonable advance notification as "[a] written statement specifying the purpose of the PHA (public housing authority)

entry delivered to the premises at least two days before such entry."

Without any further meaningful regulation history, we turn to the Housing Act of 1937 ³ itself and observe its clear, unequivocal "Declaration of policy:"

"It is the policy of the United States to promote the general welfare of the Nation by employing its funds and credit, as provided in this chapter, to assist the several States and their political subdivisions to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe and sanitary dwellings for families of lower income and, consistent with the objectives of this chapter, *to vest in local public housing agencies the maximum amount of responsibility in the administration of their housing programs.*" (emphasis added)

42 U.S.C. § 1437. Our reading of this policy declaration makes it clear that Congress intended for public housing authorities such as the Defendant to have the ability and means to provide safe and sanitary housing conditions in all dwelling units.

▮ A regulation promulgated by an administrative agency that conflicts with its parent statute is ineffective. *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 26, 102 S.Ct. 821, 828, 70 L.Ed.2d 792 (1982). Courts are to reconcile statutes and regulations whenever possible. Only where reconciliation is not possible will a court disregard a regulation. *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Comm'n.* 866 F.2d 616, 623 (3rd Cir.1989).

▮ We begin with the language of § 966.4(j)(1). *Dyer v. United States*, 832 F.2d 1062, 1066 (9th Cir.1987). In our March 25 Order, we literally read the regulation to require the Housing Authority to give a tenant written notice of entry two or more days in advance of entry. Upon review from both a literal and a plain meaning standard, we arrive at the same conclusion. The plain meaning of the regulation

---

**2.** § 966.4(j) was previously § 866.4(j).

**3.** 42 U.S.C. § 1437 *et seq.*

will govern interpretation unless a clearly expressed legislative intent is to the contrary or unless such plain meaning would lead to absurd results. *Id.*

To warrant recognition, the Court must find that § 966.4(j)(1) is consonant with express Congressional policy and intent that public housing authorities possess "maximum responsibility" in the administration of housing programs. We find so only in part. Part and parcel to the administration of housing programs is the performance of routine inspections and maintenance and making necessary repairs or improvements. These activities are covered in the first sentence of § 966.4(j)(1). However, the second sentence of § 966.4(j)(1), which requires that notice of entry be given in writing and at least two days before entry, impedes the ability of public housing authorities to exercise maximum responsibility in providing tenants' safe and sanitary housing conditions. In light of Congressional policy, we find the two-day written notice requirement cumbersome and unduly burdensome to public housing authorities as it prohibits swift and effective responses to housing conditions that may threaten the health and safety of tenants. In this connection, we determine that the second sentence of § 966.4(j)(1) contravenes the spirit and intent of Congressional policy set forth at 42 U.S.C. § 1437. Accordingly, the Court shall disregard said sentence of the regulation and Defendant's motion is hereby ORDERED GRANTED.

In granting Defendant's motion, the Court emphasizes the legitimacy of the first sentence of § 966.4(j)(1) as that portion of the regulation is consistent with the express policy of the National Housing Act of 1937 to vest maximum responsibility with public housing authorities in the administration of housing programs. We acknowledge the requirement that there must be "reasonable advance notification" to the tenant of a housing authority entry. As there is no definition of "reasonable advance notification" consistent with the policy goal of 42 U.S.C. § 1437, the Court is left to determine whether a tenant has received reasonable advance notification of

entry. We need not address that question today.

Finally, our disregard of the second sentence of § 966.4(j)(1) in no way alters our earlier ruling granting Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. The injunction justly remains in full force and effect for the reasons previously stated in the Court's March 25 Order as the November 30, 1988 lease termination notice and the Housing Authority's failure to comply with § 966.4(j)(3) violated Plaintiffs' Fourteenth Amendment right to procedural due process.

The Clerk is directed to send copies of this Order to all counsel of record.

IT IS SO ORDERED.