**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3869
_____

LORETTA TUTEIN; ROBERT TUTEIN; JAMES THOMAS; JEANINE THOMAS;
DANDRIDGE HENRY; DEROY JEREMIAH; EVANNIE JEREMIAH;
JOAQUIN MERCADO; LISEL MERCADO;
CARLTON GREENE; FRANCIS DANIEL;
ROSE DANIEL; CAROLYN JOSEPH

v.

INSITE TOWERS, LLC;
UNITED STATES VIRGIN ISLANDS DEPARTMENT OF PLANNING AND
NATURAL RESOURCES

Loretta Tutein; Robert Tutein; James Thomas; Jeanine Thomas;
Dandridge Henry; Deroy Jeremiah; Evannie Jeremiah;
Carlton Greene; Francis Daniel; Rose Daniel,

Appellants

---

On Appeal from the District Court
of the Virgin Islands – Appellate Division
(District Court No.: 1-12-cv-00071)
District Judge: Wilma A. Lewis

---

Argued on May 13, 2014

Before: RENDELL, FUENTES and GREENAWAY, JR., Circuit Judges

(Opinion filed: July 10, 2014)

Kye Walker, Esquire  **(Argued)**
2006 Eastern Suburb
Suite 101
St. Croix, VI   00820

Counsel for Appellant


Alfred J. Stone, III, Esquire  **(Argued)**
Nycole A. Thompson, Esquire
Bolt Nagi
Suite 21
5600 Royal Dane Mall, Corporate Place
Charlotte Amalie
St. Thomas, VI   00802

Counsel for Appellee

O P I N I O N

**RENDELL**, Circuit Judge:

Appellants, homeowners on St. Croix, sued Insite Towers, LLC ("Insite") over its construction of a cellular transmission tower, and related personal injuries and property damage.  Appellants have also sued the U.S.V.I. Department of Planning and Natural Resources ("DPNR") for failing to abide by its own regulations in permitting the construction of the tower.  The District Court dismissed the case because of Appellants' failure to exhaust administrative remedies.  For the reasons set forth below, we will affirm in part and reverse in part the judgment of the District Court.

## I.  Background

A.  Facts

2

The facts of this case are essentially undisputed. On July 22, 2008, Puerto Rico Tower, Inc. (predecessor in interest to InSite) applied for an Earth Change Permit from the DPNR to construct a 100-foot tall cellular transmission tower on a parcel of land on St. Croix designated as Plot Number 72. DPNR deemed that application completed on September 11, 2008, and issued the permit two weeks later. On October 7, 2008, InSite applied for a Building Permit to construct the cell tower and the permit was issued on October 29, 2008. (App. 125.)

In December 2008, before InSite began construction, DPNR issued a moratorium on the construction of cell towers in the Virgin Islands. During the moratorium, a new statute governing the construction of cell towers was enacted and DPNR drafted the accompanying regulations. The statute, 29 V.I.C. § 294a, was enacted on October 7, 2011 and the corresponding regulations, 29 V.I. A.D.C. § 1, were promulgated on December 28 of that year.

However, before the issuance of the regulations, on December 15, 2011 the Commissioner of the DPNR responded to a request from InSite to waive the moratorium and allow construction of the tower on Plot Number 72. The Commissioner granted the waiver and, in so doing, required InSite to comply with the terms of the then-pending new regulations, as well as to limit the tower to 75 feet.

InSite then formally filed for renewal of the Earth Change Permit and the Building Permit for Plot Number 72. On January 12, 2012, DPNR received InSite's application and issued the permits the same day. In April 2012, InSite posted the permits along the

3

boundary of Plot Number 72.  Construction of the tower was completed soon thereafter.

However, as of the date of the District Court hearing, it had not been activated.

Appellants brought suit, alleging that the manner in which DPNR granted InSite the permits to construct the tower violated law and regulations, which required notice to homeowners and a hearing, and also constituted a procedural and substantive due process violation.  Appellants also allege that the tower constitutes a (1) private nuisance, (2) public nuisance, (3) negligent infliction of emotional distress, (4) intentional infliction of emotional distress and (5) negligence per se. (App. 124.)   They subsequently filed a motion for preliminary injunction, requesting the District Court order the tower be removed and enjoining activation.  The motion was denied.

B.  District Court Opinion

InSite, joined by DPNR, then filed a motion to dismiss.  InSite argued that Appellants had failed to exhaust their administrative remedies, by not appealing the DPNR decisions to the Virgin Islands Board of Land Use Appeals ("BLUA").  Appellants contended that they were excused from exhausting such remedies.  The District Court noted that a plaintiff may be excused from completing administrative appeals where, *inter alia*, (1) the challenged agency action constitutes a clear and unambiguous violation of statutory and constitutional rights, or (2) where the administrative procedures are inadequate to prevent irreparable injury.

The District Court determined that the regulations accompanying this statute were not retroactively enforceable, and so, viewing the renewal to relate back to the original permit granted in 2008, held that certain claims concerned acts prior to December 28,

4

2011, the issue-date of the new regulations, and therefore lacked merit. Concerning claims after December 28, the Court determined that the new regulations did not require DPNR "to provide notice to the public or an opportunity to be heard regarding the renewal or reissuance of previously approved permits." (App. 15.) Accordingly, the District Court concluded that no statutory violation had been shown. The Court similarly found that no clear constitutional violations had been shown sufficient to excuse Appellants from exhausting their administrative remedies.

Appellants also argued that the BLUA could not provide injunctive relief and so the administrative procedures were inadequate to prevent the irreparable injury suffered by plaintiffs. The District Court rejected this claim, finding that the BLUA can reverse or modify any order of the DPNR, such that an appeal to the BLUA was not clearly inadequate to prevent the alleged harm. The Court concluded that Appellants had not excused their failure to exhaust administrative remedies and so granted the motion to dismiss. Appellants now urge that the District Court erred in dismissing the case. Separately, Appellees maintain an alternative argument which was advanced before, but not addressed by the District Court, namely that Appellants' claims are preempted by federal statute.

## II. Standard of Review[1]

When reviewing a dismissal for failure to state a claim, we review the decision *de novo*. Similar to the standard at the district court, we must accept all well-pleaded

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1446(c)(2) and 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

allegations as true and all favorable inferences that can be drawn from them. However, "[w]hen the District Court declines to grant an exception to the application of exhaustion principles, we review for abuse of discretion." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 248 (3d Cir. 2002).

### III. Discussion

The nature of Appellants' claims makes resolution of this issue a close call. On the one hand, they complain of DPNR's failure to follow its own procedures. On the other hand, they attack InSite's failure to provide adequate notice of construction, and, further, contend that whether or not the proper procedures were followed, they have nuisance and other related claims against InSite. Accordingly, this action appears to be a hybrid, some aspects of which are directed at the DPNR and cry out for agency exhaustion, while other aspects stand on their own against a private party, InSite.

### A. Claims Against InSite

We note initially that the administrative appeals process at the BLUA is geared towards the correction of agency action. That is, a BLUA appeal is only open to those aggrieved by an agency decision. 29 V.I.C. § 295(a) ("Any person who feels that an injustice has been done him by any order . . . of the Commissioner of Planning and Natural Resources . . . may appeal therefrom to the Board of Land Use Appeals . . . .") Further, the relief that the BLUA may provide is generally limited to correcting the agency action. *Id.* at § 295(b)(3)("The Board may . . . reverse or affirm, wholly or in part, or may modify the order . . . appealed from . . . .") Appellants' claims against InSite, however, do not directly pertain to agency action and instead focus on torts aimed

6

at a private entity, such as nuisance, intentional infliction of emotional distress, and negligence per se. Such claims thus appear to be outside the bounds of the BLUA's jurisdiction and not amenable to agency resolution. We will not require exhaustion of an administrative appeal as to the claims against InSite, when such proceedings could do nothing to resolve those claims. Accordingly, we reverse the judgment of the District Court on this ground, and hold that Appellants' claims against InSite should not have been dismissed.

B. DPNR and Exhaustion

At the same time, we agree with the District Court that, as to the claims against the DPNR, Appellants must exhaust administrative remedies. The allegations against the DPNR clearly concern the agency's decision to approve InSite's construction permits without notice or a public hearing. As such, those claims would be within the jurisdiction of the BLUA, making exhaustion an appropriate requirement.

In *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Mgmt. Comm'n*, 866 F.2d 616, 620 (3d Cir. 1989), we noted that:

> Although the benefits to the judicial system from insistence on administrative exhaustion generally are substantial, there are occasions for pragmatic exceptions designed to promote efficiency. We have noted that the requirement is excused when the challenged agency action constitutes a clear and unambiguous violation of statutory or constitutional rights, when reliance on administrative procedures is clearly and demonstrably inadequate to prevent irreparable injury, and when exhaustion is futile.

*Id.* at 620-21. These exceptions to the exhaustion requirement, of (1) futility, (2) violation of statutory or constitutional rights, and (3) inadequate to prevent irreparable harm, remain good law. *See PennMont Sec. v. Frucher*, 586 F.3d 242, 246 (3d Cir. 2009)

(noting the exceptions of inadequate remedies, and violations of constitutional or statutory rights). These exceptions apply even in instances where a statutory scheme explicitly provides for administrative remedies. *See id.* (noting SEC administrative remedies provided for in statute).

Here, Appellants first contend that appeal to the BLUA would be futile because it is not empowered to provide the injunctive relief sought. Appellants urge that because the BLUA's enabling statute does not explicitly provide for injunctive authority, the BLUA does not have such power. However, the statute provides generally that the BLUA has the power to "reverse or affirm, wholly or in part, or may modify the order" appealed from. 29 V.I.C. § 295(b)(3). A companion provision establishes that the BLUA shall have "all the powers of the officers from whom the appeal is taken," which appears to include referring a violation for prosecution and abatement. *Id.* at § 236(a)(2).

In addition, "[i]n order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (citation omitted). The statutory language cited above indicates that the BLUA has broad powers which presumably include injunctive authority. At the very least, Appellants have made no clear showing that the BLUA lacks such power. We accordingly conclude that Appellants' failure to exhaust administrative remedies cannot be excused due to futility.

Appellants next contend that the DPNR committed a clear statutory violation, in failing to hold a public hearing prior to permitting the tower, thus excusing the failure to pursue administrative remedies. We agree with the District Court that Appellants have

8

not shown a "clear and unambiguous violation" of statutory rights. *See LaVallee*, 866 F.2d at 621. 29 V.I.C. § 294a, establishes that: "[u]pon receipt of a completed application and all documentation required for a wireless support structure or substantial modification of an existing structure, the Department shall hold a public hearing on the application no later than 60 days after receipt of a completed application." The parties disagree as to whether this section is applicable to a renewed construction permit such as that obtained by InSite in January 2012. In fact, the statute says nothing about whether hearings are required for towers that had already been permitted.

Previously permitted towers are explicitly addressed by the regulations accompanying the statute. 29 V.I. A.D.C. § 2-12(b) states that, "[a] wireless support structure or wireless facility permitted prior to the promulgation of these regulations shall remain permitted under these regulations provided however that such structures shall conform to applicable regulation requirements within six (6) months of adoption . . . ." This compliance is achieved by having an engineer explain how the tower will come into compliance with the new regulations, including information such as the "[d]ate the wireless support structure was constructed;" "[d]etails on the current structural integrity of the wireless support structure;" and "[d]etails on the current capacity of the wireless support structure . . . ." *Id.* at §§ 2-12(b)(1)(B), (D)-(E). These regulations do not mention the public hearing requirement as applicable to previously permitted towers.[2]

---

[2] These regulations may also be limited in their application to previously permitted towers where the towers themselves were built before the regulations became effective. However, this is not entirely clear.

9

To reiterate, given the absence of *any* directive concerning public hearings and previously permitted towers, we find no "clear and unambiguous violation" of statutory rights. *See LaVallee*, 866 F.2d at 621. We have held that where the "lawfulness of the . . . conduct is far from clear and unambiguous," it is "precisely the sort of question that would have benefited from administrative review . . . ." *PennMont Sec. v. Frucher*, 586 F.3d 242, 247 (3d Cir. 2009). Especially in this instance, concerning a new, ambiguous statute and accompanying regulations, we find that the DPNR is best positioned to evaluate Appellants' claims in the first instance. Thus, we will not excuse Appellants' failure to exhaust administrative remedies because of a statutory violation.[3]

Similarly, with regard to Appellants' constitutional arguments, we find no "clear and unambiguous" constitutional violation. The District Court correctly noted that "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). We find that Appellants have failed to pursue an appeal before the BLUA and accordingly cannot now claim a procedural due process violation.

We also agree that Appellants have not shown a substantive due process violation. The District Court properly found that government action must "shock the conscience" to state such a claim. *See United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 399 (3d Cir. 2003). Appellants' claim – that the DPNR failed to provide

---

[3] We can well understand Appellants' choice to seek a court order when the tower appeared to be constructed with notice given by InSite so belatedly. It is likely that an appeal to the BLUA at the time would have appeared to be an unsatisfactory remedy.

adequate pre-deprivation procedures prior to approving construction – does not rise to the level of conscience-shocking. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004). Accordingly, there is no "clear and unambiguous" violation of constitutional rights at issue, and Appellants cannot be excused for failure to pursue administrative remedies on this ground.

We therefore affirm the judgment of the District Court, as it concerns Appellants claims against the DPNR, such that those claims are dismissed for failure to exhaust administrative remedies.[4]

C. Preemption

Appellees' argument warrants only brief mention. Appellees argue that because the Federal Telecommunications Act preempts tort-based claims involving cellular radiation, those parts of the Complaint invoking radiation as a harm are necessarily preempted. Further, Appellees claim, because all alleged injuries are incorporated in each substantive count, it is impossible to determine whether the Complaint can stand without the radiation allegations, and as such the entire Complaint must be dismissed.

In *El Paso Natural Gas Co. v. Neztsosie,* 526 U.S. 473, 479 (1999), the Supreme Court held that "absent a cross appeal, an appellee . . . may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'" Similarly, in *New Castle County v. Hartford Accident and Indemnity Co.*,

---

[4] We leave the decision of whether to hold the retained InSite claims in abeyance, pending the outcome of administrative proceedings, to the sound discretion of the District Court.

933 F.2d 1162, 1206 (3d Cir. 1991) (abrogated on other grounds), we held that, "[i]f . . . an appellee aspires to alter the trial court's decision (either increasing its rights or decreasing those of its opponent), a cross-appeal is required." Appellants note that here, a finding of preemption would not simply affirm the District Court's ruling of a dismissal without prejudice, but expand it into a dismissal on the merits with prejudice.

We think it plain that a finding of preemption on appeal would alter the District Court's decision, decreasing the rights of Appellants, such that a cross-appeal was required. Appellees' preemption argument is accordingly rejected as improperly raised.

## IV. Conclusion

For the reasons set forth above, we affirm in part and reverse in part the judgment of the District Court. We will remand the case for further proceedings consistent with this opinion.