**Gjergj LUCAJ, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General,* Respondent.**

**Docket No. 03–4185.**

United States Court of Appeals, Second Circuit.

Argued: June 23, 2005.

Decided: Sept. 30, 2005.

---

\* United States Attorney General Alberto Gonzales is substituted as Respondent. *See* Fed.

R.App. P. 43(c)(2).

Sam Gjoni, New York, New York, for Petitioner.

Stuart A. Minkowitz, Assistant United States Attorney (Christopher J. Christie, United States Attorney for the District of New Jersey, on the brief), for Respondent.

Before: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Gjergj Lucaj petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his petition for asylum and withholding of removal. The petition was untimely, and we dismiss for lack of jurisdiction.

Lucaj is a native of the former Yugoslavia and a citizen of Montenegro. Using a fraudulent passport and visa, Lucaj left the former Yugoslavia through Macedonia, and arrived in New York City on April 21, 1993. On May 30, 1996, Lucaj conceded deportability before an IJ but applied for asylum and withholding of removal. The facts concerning his application are not relevant to our disposition of this matter. The IJ declined to grant asylum or withholding. Lucaj appealed to the BIA. On February 26, 2002, the BIA issued a per curiam opinion rejecting the appeal.

■■■ A petition for review was docketed in this court on January 22, 2003, some eleven months after the BIA decision. It is clearly untimely. Lucaj's petition for review is before us pursuant to the transitional judicial review provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208 § 309(c), 110 Stat. 3009–625 to –626, because his exclusion proceedings commenced before April 1, 1997 and a final order of exclusion was issued after October 30, 1996. *Twum v. INS*, 411 F.3d 54, 57 (2d Cir.2005). Under the transitional provisions, Lucaj was required to file his petition within 30 days of the BIA's order, IIRIRA § 309(c)(4)(C), in the circuit "in which the administrative proceedings before the ... immigration judge were completed." *Id.* § 309(c)(4)(D). "[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite." *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001); *see also Zaluski v. INS*, 37 F.3d 72, 73 (2d Cir.1994) (per curiam); *Arango–Aradondo v. INS*, 13 F.3d 610, 612 (2d Cir.1994) ("[W]e have no authority to consider late petitions."); *Stajic v. INS*, 961 F.2d 403, 404 (2d Cir.1992) (per curiam).[1]

In his principal brief, Lucaj made no reference to any jurisdictional problem, although papers included in his appendix show an anticipation of the issue, as discussed *infra*. The government argued in its brief that we lacked jurisdiction be-

---

1. Under the Federal Rules of Appellate Procedure, a district court may grant a limited extension of time to file a notice of appeal based on excusable neglect or good cause. Fed. R.App. P. 4(a)(5)(A)(ii). Such extensions, however, are not applicable to review of agency orders, and the Courts of Appeals are expressly prohibited from extending the time allowed to file a petition for review of such orders. *See* Fed. R.App. P. 20 (Fed. R.App. P. 4 not applicable to appeals from agency orders); Fed. R.App. P. 26(b)(2)(appellate court may not extend the time to file petition for review of an order of an administrative agency, board, or commission, unless specifically authorized by law); *Malvoisin*, 268 F.3d at 76. *But see Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980) (applying limited exception to allow notice of appeal filed to BIA, not Ninth Circuit, to be timely because petitioner was officially misled by the IJ) and stating that ("[u]nder certain unique circumstances, an appellate tribunal may have jurisdiction to hear an appeal that was not filed within the prescribed time limits.").

cause the petition was untimely. Lucaj did not file a reply brief.

At our request for a response to the government's jurisdictional argument, Lucaj's counsel, Sam Gjoni, filed a paper entitled "PETITIONER'S MOTION TO ACCEPT LATE FILING OF THE ABOVE MENTIONED PETITION FOR REVIEW." This filing included a Form T–1080 MOTION INFORMATION STATEMENT, a certificate of service, and an unsworn statement ("Gjoni Statement") describing various events but containing no legal arguments or authorities.

Gjoni asserts that he filed a timely petition for review, but that the petition did not reach this Court within the statutory thirty-day deadline because it was improperly filed in the Fifth Circuit. If Gjoni had established his version of events, this case might have implicated the Fifth Circuit's obligation pursuant to 28 U.S.C. § 1631 to have transferred such a petition and require us to determine whether, had the Fifth Circuit not done so, we would have had the authority to exert jurisdiction and deem the petition timely filed. *Cf. Paul v. INS,* 348 F.3d 43 (2d Cir.2003); *Liriano v. United States,* 95 F.3d 119, 123 (2d Cir. 1996) (per curiam). We need not reach this issue, however, because Gjoni has not established that he filed a timely petition.

The events recounted in the Gjoni Statement are as follows. After agreeing to represent Lucaj, Gjoni asked his secretary to prepare a petition for review. The secretary mistakenly sent the petition to the Fifth Circuit clerk's office. The Gjoni Statement goes on to recount that Malisa, an employee of the Fifth Circuit clerk's office, recognized the error, did not docket the petition, and so informed Gjoni's office. Malisa further promised to forward the petition to the Second Circuit clerk's office and informed Gjoni that she had done so. Calls from Gjoni's office to our clerk's office seeking the docket number for the petition for review established over time that the petition was never received. Our clerk's office suggested that Gjoni file an explanatory motion and a copy of the petition allegedly filed in the Fifth Circuit. Gjoni had already paid a $100 filing fee on behalf of Lucaj, and the clerk's office told him not to do so a second time.

The Gjoni Statement goes on to recount that, on April 17, 2002, in response to the suggestion for an explanatory motion, he sent a letter to our clerk's office with supporting materials. This letter and supporting materials are in the petitioner's appendix, although the brief never mentions a jurisdictional issue. The April 17, 2002 letter recites that "enclosed [is] a copy of the Petition for Review, the Motion for Stay of Deportation, and the supportive documents that were mailed by mistake" to the Fifth Circuit clerk's office. The letter is accompanied in the appendix by various FedEx and mail receipts.

The appendix also contains a copy of a petition for review of the BIA decision bearing the caption of the instant matter. Because it is the only petition for review in the petitioner's appendix and follows the April 17, 2002 letter, a reader would assume it to be a copy of the mistakenly mailed petition mentioned as "enclosed" in this letter. The petition bears a Second Circuit heading and a typewritten docket number 02–4138. It lacks a date or a date stamp reflecting docketing. Also in the appendix and mentioned as "enclosed" in the letter, is a Second Circuit Form T–1080, a MOTION INFORMATION STATEMENT, relating to a motion for Stay of Deportation. The Form T–1080 also bears the docket number 02–4138. It is dated May 10, 2002 (some three weeks after the April 17, 2002 letter that purports to "enclose" it). Next in the appendix is "PETITIONER'S MEMORANDUM

OF LAW IN SUPPORT OF PETITION FOR REVIEW AND STAY OF DEPORTATION." This bears the docket number 02–4138 but has a Fifth Circuit heading. Finally, the appendix contains a receipt for a docketing fee of $100 dated January 22, 2003, with "A70–893–833" written on it.

Turning back to the Gjoni Statement, it explains that, on December 26, 2002, an employee of our clerk's office suggested, apparently out of the blue, that Gjoni pay a docketing fee of $100. This was paid, seemingly without protest, on January 22, 2003, and a receipt for it is, as mentioned above, in petitioner's appendix. Gjoni has provided no receipt for the claimed first payment of a docketing fee sometime in the spring of 2002.

Nothing in the Gjoni Statement or the appendices persuades us that a petition for review was filed in this court before January 22, 2003. Counsel has provided no contemporaneous records demonstrating the filing of an earlier petition or payment of a docketing fee before that date. The copy of the petition for review included in petitioner's appendix—the one purportedly sent by mistake to the Fifth Circuit and enclosed with the April 17, 2002 letter—is a rather unlikely copy of any petition sent to that circuit or filed in this circuit. The docket number on it is typewritten. A petition for review is the first paper filed in a case like this and, in our court at least, would have a handwritten, not typewritten, docket number, which is determined and written in by the clerk when filed. In fact, the Gjoni Statement notes that the lack of a docket number was the cause of the

phone calls resulting in the April 17, 2002 letter and accompanying documents. Our records show no such letter. They also show no case bearing the docket number 02–4138; nor do the records of the Fifth Circuit.

Oral argument further undermined any plausibility of a timely filing. When questioned by the panel, Gjoni initially stated that the petition with the typewritten docket number and included in petitioner's appendix was a copy of the petition mistakenly sent to the Fifth Circuit. When further questioned as to what document in his files purported to be a copy of the one sent to the Fifth Circuit, he produced yet another document: a petition for review with a Fifth Circuit heading and no docket number.[2] Counsel for petitioner did not enlighten us as to why the copy of the petition with a Second Circuit heading and a typewritten docket number was included in the appendix he prepared, why it was even created by his office, or how the docket number 02–4138 originated.

Examination of our files does not bolster a claim of timely filing. On January 22, 2003, Gjoni or his office filed a petition for review with a typewritten date of March 25, 2002, and a heading stating "UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT." This petition was served on the government and appears in its Supplemental Appendix. The docket sheet shows that our clerk's office determined that the petition was indeed intended for this court notwithstanding the heading and asked Gjoni to submit a corrected petition. Gjoni then submitted a

---

**2.** The document produced at oral argument raises the question why the Fifth Circuit, if it received the document, did not simply docket it. Clerk's offices generally do not refuse pleadings because of defective venue, much less select the correct court and agree to mail the pleadings to that court, particularly when an inter-court transfer of a timely filed peti-

tion may be possible. 28 U.S.C. § 1631; *see also Paul v. INS,* 348 F.3d 43, 44–48 (2d Cir.2003). Until production of this document at oral argument, the natural assumption was that the petition sent to the Fifth Circuit, like the one in petitioner's appendix, had a Second Circuit heading and was flagged by the Fifth Circuit clerk's office for that reason.

copy of the petition with the typewritten docket number 02–4138. Our clerk's office whited out the typewritten docket number (it can be clearly seen when the paper is turned over) and handwrote 03–4185 in its place. Also in our files is a copy of a Western Union money order for $100, dated March 25, 2002, with the Fifth Circuit as payee. However, it bears the number A70–893–833, which is also found on the receipt for the docketing fee paid in this court on January 22, 2003. It is noteworthy that no attempt was made at this time to move to build a record of an earlier filing.

The only other evidence in our files regarding these events is an affidavit by Gjoni in September 2003. The affidavit was in support of a motion to file a late Form C–A, a Pre–Argument Statement giving basic information about the proceeding. The affidavit states that Gjoni had assigned this matter "to another attorney to continue," but when that attorney misplaced the file, Gjoni's office recreated it by copying the file in our court. That attorney's version of relevant events is not in the record.

Because there is no plausibly authentic document or other evidence reflecting the filing of a petition for review in this Circuit or the Fifth Circuit before January 22, 2003, we may dispose of this matter without speculating on answers to the various questions noted in this opinion. We therefore dismiss for lack of jurisdiction.