## Maria FRATICELLI, Petitioner,

v.

## Alberto GONZALES, Board of Immigration Appeals, Executive Office for Immigration Review, Respondents.

No. 05–3490–ag.

United States Court of Appeals, Second Circuit.

June 19, 2006.

Maria Fraticelli, pro se, Bronx, NY, Submitting for Petitioner.

Gerard B. Sullivan, Assistant United States Attorney, for Robert Clark Corrente, United States Attorney, District of Rhode Island, Providence, RI, Submitting for Respondents.

PRESENT: Honorable RALPH K. WINTER, Honorable JOSEPH M. McLAUGHLIN and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Maria Fraticelli petitions for review of three Board of Immigration Appeals ("BIA") decisions: (1) a December 10, 2004 affirmance without opinion of Immigration Judge Teresa Holmes–Simmons's denial of Fraticelli's application for cancellation of removal; (2) a February 4, 2005 decision declining to reconsider the December 10, 2004 summary affirmance; and (3) a May 17, 2005 decision declining to reopen Fraticelli's case. We assume the parties' familiarity with the record and the procedural history of the case, which we discuss only as necessary to explain our decision.

Because this petition for review was filed on June 23, 2005,[1] more than thirty days after the BIA decisions in both the December 10, 2004 summary affirmance and the February 4, 2005 denial of the motion for reconsideration, we lack jurisdiction to review those two decisions. See 8 U.S.C. § 1252(b)(1); *Lucaj v. Gonzales*, 425 F.3d 203, 204 (2d Cir.2005). Moreover, even were the petition for review of the December 10, 2004 BIA decision timely, we lack jurisdiction to review the BIA's discretionary determinations regarding cancellation of removal, and petitioner has not sufficiently alleged a constitutional claim or question of law that would bring her within the narrow exception to this rule. See 8 U.S.C. § 1252(a)(2)(B)(i); *id.* § 1252(a)(2)(D); *De La Vega v. Gonzales*, 436 F.3d 141, 144–45 (2d Cir.2006); *Saloum v. United States Citizenship & Immigration Servs.*, 437 F.3d 238, 243–44 (2d Cir.2006).

Fraticelli's petition for review of the BIA's May 17, 2005 decision denying her

---

**1.** The petition was initially filed pursuant to 28 U.S.C. § 2241 in the Southern District of New York and transferred to this court pursu-ant to the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231. *See Gittens v. Menifee*, 428 F.3d 382, 383 (2d Cir.2005).

motion to reopen is timely but lacks merit. The BIA declined to reopen Fraticelli's case because the motion was filed more than ninety days after the summary affirmance of the IJ's decision and, therefore, was untimely. Fraticelli fails to present any legal challenge to the BIA's May 17, 2005 decision in her brief, instead arguing only that the BIA's initial denial of cancellation of removal was improper. She has therefore waived her petition for review of the May 17, 2005 denial of her motion to reopen. See *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 8 (2d Cir.2005). Even if we were to consider the merits of that petition, however, we would have to conclude that the BIA did not abuse its discretion in denying the motion to reopen because the motion was clearly untimely. See *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006).

The petition for review is therefore DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot.