Clinton D. NUTT, Petitioner,

v.

**DRUG ENFORCEMENT ADMINISTRATION and Attorney General, Respondents.**

No. 90–4713.

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1990.

Clinard J. Hanby, Essmyer & Hanby, Houston, Tex., for petitioner.

David A. Bybee, Trial Atty., U.S. Dept. of Justice, Crim. Div., Narcotic & Dangerous Drug Section, Richard Thornburgh, Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for respondents.

Before GEE, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

## I.

On July 23, 1990, the Acting Administrator of the Drug Enforcement Administration (DEA), pursuant to his authority under 21 U.S.C. §§ 823 and 824 and 28 C.F.R. § 0.100(b), revoked petitioner Clinton Nutt's DEA certificate of registration to handle controlled substances and denied any pending applications for renewal of that registration. The order, which became effective on August 29, 1990, was published in the Federal Register on July 30, 1990. 55 Fed.Reg. 30,992, 30,994 (1990).

On August 1, 1990, the DEA Chief Counsel's Office mailed Nutt's counsel a copy of the order with a citation to the Federal Register where it appeared. The letter stated that the order was "a final determination of the Attorney General for purposes of judicial review" and cited 21 U.S.C. § 877, which sets forth the procedures for obtaining such review.

Nutt's attorney received the letter on August 2, 1990. On August 29, 1990, Nutt filed a complaint in federal *district* court challenging the Acting Administrator's decision. Respondents' motion to dismiss for lack of subject matter jurisdiction is pending in that court. On September 28, 1990, petitioner filed a petition in *this* court for review of the Acting Administrator's decision.

The respondents now move for dismissal of the petition for review as untimely filed, asserting that we lack jurisdiction. Nutt has filed a Motion To Deem Petition for Review To Have Been Timely Filed in this Court. Agreeing with respondents that we lack jurisdiction to review the petition, we grant the motion to dismiss, deny the motion to deem, and dismiss the petition.

## II.

Fed.R.App.P. 15(a) provides that petitions for review of agency decisions must be filed with the clerk of the appropriate court of appeals "within the time prescribed by law." Title 21 U.S.C. § 877 provides that petitions for review of final decisions of the Attorney General under the subject act shall be filed in the appropriate court of appeals "within thirty days after notice of the decision." Publication of an administrative order in the Federal Register constitutes constructive notice of the order to all affected persons. *Yakus v. United States,* 321 U.S. 414, 435, 64 S.Ct. 660, 672, 88 L.Ed. 834 (1944); 44 U.S.C. § 1507 (1988). Since petitioner filed his petition 60 days after receiving constructive notice in the Federal Register, and 57 days after receiving actual notice by mail, we are without jurisdiction to consider it.

We have squarely held that the statutory time limits for filing petitions for review of agency actions "are jurisdictional in nature such that if the challenge is brought after the statutory time limit, we are powerless to review the agency's action" and must dismiss for want of jurisdiction. *Texas Mun. Power Agency v. Administrator of the United States Environmental Protection Agency,* 799 F.2d 173, 174–76 (5th Cir.1986). Thus, absent some tolling provision or other saving device, we have no choice but to dismiss.

The circuit courts of appeals are split on this matter. In *Boggs v. U.S.R.R. Retirement Bd. (In re Boggs),* 725 F.2d 620 (11th Cir.1984), where likewise the petitioner filed his petition in the district court but not in the court of appeals as required, the court utilized Fed.R.App.P. 4(a) by analogy

**204**

in denying a motion to dismiss. Rule 4(a)(1) provides that "[i]f a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted."

The reasoning of the Eleventh Circuit is flawed, however. Rule 4(a)(1) governs only appeals "from a district court to a court of appeals." *Id.* As the Eleventh Circuit correctly observed, rule 15, the counterpart to rule 4(a) that governs petitions for review of agency orders, contains no provision corresponding to the sentence in rule 4(a)(1) that allows for correction of the mistake where filing is made in the wrong court. *Boggs,* 725 F.2d at 621.

The plain wording of the two rules alone would suggest that the drafters intended a saving provision in the one rule but not in the other. That conclusion, without more, would lead one to determine that the Eleventh Circuit was in error.

The error is even more patent, however, in light of a specific provision in another rule that the Eleventh Circuit apparently overlooked. Fed.R.App.P. 20 provides that "[a]ll provision of these rules are applicable to review or enforcement of orders of agencies, *except that Rules 3–14 and Rules 22 and 23 are not applicable.*" (Emphasis added.) Thus, the rules emphatically direct that rule 4(a)(1) is *not* available to petitioners seeking review of agency orders.

The effect of rule 20 was relied upon in part by the Seventh Circuit in *Burlington N., Inc. v. Northwestern Steel & Wire Co.,* 794 F.2d 1242, 1247 (7th Cir.1986), in which the court, although not referring to *Boggs,* patently rejected its conclusion. In *Burlington,* the party aggrieved by an order of the Interstate Commerce Commission filed an appeal directly in the circuit court of appeals, which dismissed the appeal for want of jurisdiction, noting that proper jurisdiction was in the district court. After an

appeal thereafter was filed in the district court, that court dismissed it as untimely, and the Seventh Circuit affirmed.

The governing statute in *Burlington,* 28 U.S.C. § 1336, provides that the aggrieved party must file an appeal in the *district court* within 90 days. The party argued that by filing in the *court of appeals* within 90 days, the statutory period was tolled. Quoting the district court, the court of appeals rejected that argument, concluding, "We do not ... believe we are at liberty to carve out an equitable exception to a jurisdictional rule to avoid a harsh result." 794 F.2d at 1247.

The aggrieved party also asserted that rule 4(a) should afford it relief. The court disagreed: "[T]he Federal Rules of Appellate Procedure do not apply to district courts sitting in review of administrative actions. Even if they did, F.R.A.P. 20 specifies that Rule 4 does not apply to appeals from administrative proceedings." *Id.* n. 8 (citing *North Am. Telecommunications Ass'n v. FCC,* 751 F.2d 207, 208 (7th Cir. 1984) (per curiam)).

The Seventh Circuit, particularly in its reliance upon rule 20, is far more persuasive than the Eleventh Circuit in interpreting rule 15(a). We adopt the Seventh Circuit's reasoning and hold that rule 4(a)(1) may not be applied, by analogy, to reviews of agency proceedings.[1]

## III.

In the alternative, Nutt lamely argues that we should construe section 877 as permitting an appeal within 30 days of notice or 30 days of the effective date of the agency order, whichever is later. However, it is well established that an agency's action is "final" for purposes of judicial review if "the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and [where the]

1. To the same effect, Professor Moore flatly states that "Rule 4(a) is inapplicable [to rule 15]. When the applicable statute provides a time limit on review, the court of appeals has no authority to extend it." 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 215.05 at 1512 (2d ed.1990) (footnotes omitted) (citing, *inter alia,* Fed. R.App.P. 26(b) (court of appeals may not enlarge time for appealing from administrative order)).

 

rights or obligations have been determined or legal consequences will flow from the agency action." *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 209, 27 L.Ed.2d 203 (1970). *Accord Bankers Life & Cas. Co. v. Callaway,* 530 F.2d 625, 632 (5th Cir.1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 811, 50 L.Ed.2d 791 (1977). Here, the Acting Administrator's decision expressly states that it is his "final order in this matter." 55 Fed.Reg. at 30,-922. Thus, it is "final" for purposes of section 877, and it is of no consequence that its effective date was subsequent to its date of publication.

The motion to deem petition timely filed is DENIED; the motion to dismiss is GRANTED; and the petition for review is DISMISSED for want of jurisdiction.[2]

---

**2.** To cure the jurisdictional defect, the district court may consider transferring the petition to this court pursuant to 28 U.S.C. § 1631. *See,* *e.g., Thistlethwaite v. First Nat'l Bank* (*In re Exclusive Indus. Corp.*), 751 F.2d 806, 808–09 (5th Cir.1985) (per curiam).