IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60984
Summary Calendar
_____


KEVIN TODD JOHNSON,

                                                Petitioner,

versus

UNITED STATES PAROLE COMMISSION,

                                                Respondent.


- - - - - - - - -
Petition for Review of an Order of the
United States Parole Commission
- - - - - - - - - -
October 10, 2002


Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Kevin Johnson, transferred to the United States pursuant to
the Treaty on the Execution of Penal Sentences (Treaty), November
25, 1976, United StatesSSMexico, 20 U.S.T. 7399; T.I.A.S. No. 8718,
appeals the United States Parole Commission's determination of his
release date and period and terms of supervised release.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

We must determine the basis of our jurisdiction. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). The statutory time limit for filing a petition of review of an agency action is jurisdictional. <u>Nutt v. Drug Enforcement Admin.</u>, 916 F.2d 202, 203 (5th Cir. 1990). Absent a tolling provision "or other saving device," the court must dismiss the petition for want of jurisdiction. <u>Id.</u>

By the plain language of 18 U.S.C. § 4106A(b)(2)(A), the notice of appeal had to be filed in this court within 45 days after receipt of notice of the Parole Commission's determination. Thus, Johnson had until December 17, 2001, to file his notice of appeal in this court. However, the notice of appeal was not filed here until December 27, 2001.

Although Johnson was instructed by the clerk of this court to include in his brief the issue whether the notice of appeal was timely, he has failed to argue that we should consider the notice of appeal timely notwithstanding that it was not received by this court within the 45-day period. We will not raise and discuss issues that have not been asserted on appeal. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Because Johnson has failed to provide any argument that his notice of appeal was timely, the appeal is DISMISSED for want of jurisdiction.

APPEAL DISMISSED.