**Richard A. PAUL, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,\* Respondent–Appellee.**

**Docket No. 01–4027.**

United States Court of Appeals, Second Circuit.

Submitted: June 3, 2003.

Decided: Oct. 9, 2003.

\* Effective March 1, 2003, the INS changed its name to the Bureau of Citizenship and Immigration Services ("BCIS"). This opinion nonetheless will use the name INS.

Richard A. Paul, pro se, Batavia, New York, for Petitioner Richard A. Paul.

Edward J. McElroy, Esq., and Kathy Marks, Esq., New York, New York, for Respondent Immigration and Naturalization Service.

Before: SACK and SOTOMAYOR, Circuit Judges, DANIELS, District Judge.[1]

SOTOMAYOR, Circuit Judge.

Petitioner Richard A. Paul moves for a stay of deportation and to proceed *in forma pauperis* in connection with his petition for review of a decision of the Board of Immigration Appeals ("BIA") finding him removable. Although petitioner's mo-

---

1. The Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

tion to this Court was untimely, we hold that the district court abused its discretion under 28 U.S.C. § 1631 by not docketing and transferring to this Court petitioner's original motion, which was filed with the district court within the statutory time limit and complied with all of the requirements of Fed. R.App. P. 15(a)(2). We therefore treat petitioner's original motion before the district court as if it had been properly transferred to us and hold that petitioner made a valid petition for review of the final order of the BIA within the statutory time limit. Respondent Immigration and Naturalization Service ("INS") is therefore ordered to respond to Paul's petition for review and to his pending motions for stay of removal and to proceed *in forma pauperis.*

## BACKGROUND

On January 11, 2001, the BIA affirmed the decision of an Immigration Judge finding Paul, a Jamaican citizen, removable for having been convicted of second-degree robbery under N.Y. Penal Law § 160.10 (McKinney 2003), and ordering him deportable on that basis, *see* Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) (codified at 8 U.S.C. § 1227(a)(2)(A)(iii)). Less than thirty days later, on February 4, 2001, Paul attempted to file what he styled as a motion for extension of time with the United States District Court for the Western District of New York. In that motion, Paul expressed an intent to appeal, *inter alia,* "each and every aspect of the decision handed down in the proceedings."

The district court, however, neither docketed Paul's motion nor transferred it to this Court. Instead, the district court issued a letter to Paul, dated February 9, 2001, informing him that his motion was improperly filed with the district court and that this Court was the proper forum.

Paul did not file a motion for review of the BIA decision with this Court until March 12, 2001. As that motion was filed more than thirty days after issuance of the BIA decision, it was untimely. *See* 8 U.S.C. § 1252(b)(1). Thereafter, we ordered Paul to submit to us the original motion he attempted to file before the district court.

## DISCUSSION

The INA establishes a thirty-day period in which a petition for review of a BIA determination must be filed, *see* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS,* 268 F.3d 74, 75–76 (2d Cir.2001) (noting untimely petition for review will deprive this Court of jurisdiction), and a petition for review of BIA determination must be filed in the court of appeals in the judicial circuit in which the immigration judge completed the proceedings. *See* 8 U.S.C. § 1252(b)(2); *see also Henderson v. INS,* 157 F.3d 106, 117 (2d Cir.1998) (noting permanent statutory changes set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), of which § 1252(b)(2) is one, govern removal proceedings commenced after April 1, 1997). As Paul's proceeding before the Immigration Judge was conducted in Batavia, New York, any petition for review should have been filed with this Court within thirty days of the date the BIA determination was issued, or, by February 10, 2001.

■ Paul did not file a petition for review with this Court until March 12, 2001, over thirty days after the BIA determination. Were that the whole story, we would have no basis for jurisdiction over his appeal as we may not extend the thirty-day deadline for such petitions even upon a showing of good cause. *See* Fed. R.App. P. 26(b)(2); *see also Malvoisin,* 268 F.3d at 76. Paul, however, did attempt to file a motion for extension of time within the

thirty-day deadline but improperly submitted this motion to the district court, and the district court neither docketed the motion nor transferred it to this Court. If the motion Paul called a motion for an extension of time that he filed with the district court is adequate to serve as a petition for review, and if the district court was under a legal obligation to transfer it to us, there would be no impediment to our asserting jurisdiction over his appeal from the BIA decision. We therefore must address two questions: (i) whether Paul's motion for extension of time met the requirements of Fed. R.App. P. 15(a)(2) and thus should be regarded as a proper petition for review; and (ii) whether it was an abuse of discretion for the district court not to transfer Paul's timely motion to this Court pursuant to 28 U.S.C. § 1631. As we answer both questions in the affirmative, we deem Paul's petition for review to have been properly filed with this Court within the statutory time limit.

■ The first issue is easily resolved as Paul's motion for an extension of time unquestionably met the requirements of Fed. R.App. P. 15(a)(2) (stating petition for review must name each party seeking review either in the caption or body of the petition, name the agency as respondent, and specify the order or part thereof to be reviewed). In the subject line of the motion, Paul wrote "Richard Paul (pet.) V. INS; et al (resp.)," satisfying the rule's first two requirements. Paul satisfied the third requirement by indicating that he intended to challenge "each and every as-pect of the decision handed down in the [BIA and Immigration Judge] proceedings, including but not limited to my finding of ineligibility for relief pursuant to IIRIRA, my adjudication as an aggravated felon, the application of § 236(c) against me, and in general, the totality of the proceedings leading up to my order of removal." We therefore construe Paul's motion for an extension of time as a proper petition for review and treat it as such.

■ We turn to the second issue. Whenever a civil action or appeal, including a petition for review of administrative action such as Paul's petition for review of the BIA decision, is filed in a court that lacks jurisdiction to review it, the court in which the action or appeal was filed

> shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). As we read this statute, the district court was required to transfer Paul's petition for review to us unless it was not in the interest of justice to do so.

■ We review a district court's refusal to transfer an action or appeal pursuant to § 1631 for abuse of discretion.[2] *Taylor v. Social Sec. Admin.,* 842 F.2d

---

[2] The Ninth Circuit has suggested that where a district court does not weigh whether it is in the interest of justice to transfer the petition, but instead simply dismisses the action for want of jurisdiction, the error is as to a matter of law and is reviewed *de novo. See Kolek v. Engen,* 869 F.2d 1281, 1283–84 (9th Cir. 1989); *In re McCauley,* 814 F.2d 1350, 1351–52 (9th Cir.1987). Thus, it might be argued that we should treat the district court's letter to Paul redirecting him to file in this Court as a dismissal and apply *de novo* review. We need not resolve whether *de novo* review might be more appropriate here as we hold that the failure to transfer in this case was erroneous even under the more deferential abuse of discretion standard.

232, 232 (9th Cir.1988); *Hill v. United States Air Force,* 795 F.2d 1067, 1070 (D.C.Cir.1986).

In *Liriano v. United States,* 95 F.3d 119 (2d Cir.1996), we reviewed the legislative history of § 1631 and found that Congress intended the provision to aid litigants who were confused as to the proper forum for review. *Id.* at 122. We indicated that a district court should carefully weigh the equities of choosing to dismiss rather than to transfer. *Id.* Whether a new action filed by the litigant would be barred as untimely is one of the factors we identified as militating in favor of transfer. *Id.* As there is no evidence in this case that Paul filed with the district court in bad faith, we hold that it was an abuse of discretion under § 1631 for the district court not to transfer the petition to this Court since the strict thirty-day statutory deadline would

normally make it in the interests of justice to do so. *See Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir.1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.") (internal quotation marks and citation omitted).

■ We treat Paul's petition for review, which was timely filed with the district court, as if it had been properly transferred to this Court. Pursuant to § 1631, we proceed as if it were filed with us on the date on which the district court should have docketed and transferred the petition. In doing so, we join the Ninth Circuit which recently invoked § 1631 to assert jurisdiction over an appeal from a BIA determination that had been erroneously filed in the district court.[3] *See Bae-*

---

3. The Eleventh Circuit has reached a similar conclusion to the one we reach by analogizing to Fed. R.App. P. 4(d), which provides: "If a notice of appeal ... is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."

The Eleventh Circuit, in a case in which the petitioner erroneously filed his timely appeal from an agency decision in the federal district court, reasoned by analogy to Fed. R.App. P. 4(a)—which then contained the substantive rule now set out in Rule 4(d)—to hold that the appeal was timely filed despite being received by the court of appeals after the statutory deadline expired. *See Boggs v. U.S. R.R. Retirement Bd.,* 725 F.2d 620, 621–22 (11th Cir. 1984); *see also LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Mgmt. Comm'n,* 866 F.2d 616, 626–27 (3d Cir.1989) (holding timely but erroneous filing of administrative appeal in the district court equitably tolled the statutory time limit for filing petition with court of appeals).

The rule of appellate procedure that specifically governs petitions for review from orders of administrative agencies, however, has no similar instruction on how a court should handle an appeal that is erroneously filed in

the district court rather than the court of appeals. *See* Fed. R.App. P. 15. The Fifth Circuit relied, in part, on Rule 15's silence on this point to hold that a physician, who erroneously filed in federal district court his timely appeal from the Attorney General's decision to deny him certification to handle controlled substances, could not pursue his claim when the same appeal was untimely filed with the court of appeals. *See Nutt v. Drug Enforcement Admin.,* 916 F.2d 202 (5th Cir.1990). The Fifth Circuit in *Nutt* also relied on the inapplicability of Fed. R.App. P. 4(d) to review or enforcement of agency orders because the rules of appellate procedure expressly provide that "[a]ll provisions of these rules, except Rules 3–14 and 22–23, apply to the review or enforcement of an agency order." *Id.* at 204 (citing Fed. R.App. P. 20). The court, however, held open the possibility that the district court could cure the jurisdictional defect by transferring the petitioner's original appeal pursuant to 28 U.S.C. § 1631. *Id.* at 205 n. 2.

Because we base our decision on § 1631 alone and deal only with the petition for review that was timely filed with the district court, we do not need to determine whether by timely filing in the district court Paul in some manner tolled the thirty-day statutory time limit such that we could assert jurisdic-

*ta v. Sonchik*, 273 F.3d 1261 (9th Cir.2001) (asserting jurisdiction over petitioner's appeal of a BIA final removal order where petitioner gave his appeal to INS officials at his detention center in time to meet the statutory deadline but petition was erroneously filed in the district court and filed after the time limit had lapsed).

## CONCLUSION

As we deem Paul's petition for review to have been timely filed, respondent is therefore ordered to respond to the petition as well as his two pending motions to stay deportation and proceed *in forma pauperis*. The Office of the Clerk of the Court will issue a scheduling order.

tion over the appeal on the basis of his un-    timely March 12, 2001, petition to this Court.