**Zai B. LI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–40993–AG.

United States Court of Appeals, Second Circuit.

May 23, 2005.

Zai Bin Li, New York, NY, for Petitioner, pro se.

Michael J. Sullivan, United States Attorney's Office, Boston, MA, for Respondent.

PRESENT: WINTER, KATZMANN, Circuit Judges, and KRAVITZ, District Judge.*

### SUMMARY ORDER

Appellant, Zai Bin Li, *pro se*, appeals from the BIA's decision denying his motion for reconsideration, and moves for a stay of removal. The parties' familiarity with the facts, legal claims and appellate arguments is assumed.

█ Li cannot now contest the IJ's findings in his November 2001 decision because Li timely appealed from the BIA's

---

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

October 2003 denial of his motion for reconsideration, not the BIA's January 2003 order affirming the IJ's decision.

■ A petitioner must file a petition for review of a BIA order within thirty days of the date of the order. *See Paul v. INS,* 348 F.3d 43, 45 (2d Cir.2003); 8 U.S.C. § 1252(b)(1). This filing deadline is jurisdictional and may not be extended, even upon a showing of good cause. *Paul,* 348 F.3d at 45. In this case, Li filed his petition for review on November 21, 2003, within thirty-days of the BIA's October 27, 2003 decision. *See* Petition for Review. However, it was filed beyond the thirty-day period for appealing any of the other BIA orders. Thus, this Court has jurisdiction to consider Li's petition for review only insofar as it challenges the October 27, 2003 BIA decision and Li's arguments beyond the scope of that BIA order cannot be considered.

■ A motion to reconsider "requests that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked ..." *Matter of Cerna,* 20 I & N Dec. 399, 403, n. 2 (BIA 1991). Accordingly, a motion to reconsider must specify the errors of fact or law in the challenged BIA decision, and must be supported by pertinent authority as "a motion for reconsideration asks the Board to reevaluate its decision on the existing factual record." *Zhao v. United States DOJ,* 265 F.3d 83, 90, 91 (2d Cir., 2001); *see* 8 C.F.R. § 1003.2(b) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority.").

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986).

The Attorney General, through the BIA, "has 'broad discretion' to grant or deny such motions." *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). An abuse of discretion will be found "in those circumstances where the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao,* 265 F.3d at 93 (citations omitted).

In this case, the BIA acted within its discretion in denying Li's July 2003 motion to reconsider. Li's submission of the X-ray and his wife's letter failed to specify any errors of fact or law committed by the BIA in its prior order—the denial of his motion to reopen—as the evidence simply reiterates Li's primary claims that his wife was forced to have an IUD inserted and that both he and his wife faced sterilization and persecution in China due to China's family planning policies.

In this Court, Li argues that his wife's forced abortion and sterilization warranted the grant of his request for asylum. However, Li fails to identify any error of fact or law made by the BIA in denying his reconsideration motion and makes only conclusory arguments in disagreement with the IJ's and BIA's treatment of his applications and motions. Thus, the BIA reasonably denied Li's motion on the basis that Li had failed to identify any legal or factual defect requiring the BIA to reconsider its decision.

■ Lastly, even construing Li's motion to reconsider as a motion to reopen, the BIA did not abuse its discretion in denying Li relief since Li had already submitted one motion to reopen; and, thus, Li was statutorily prohibited from filing another

motion to reopen.** *See* 8 C.F.R. § 1003.2.

For the foregoing reasons, this Court AFFIRMS the October 27, 2003 decision of the BIA and denies the motion for a stay.

** Section 1003.2 states that a party may file:

only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. Except as provided in paragraph

(c)(3) of this section, an alien may file only one motion to reopen removal proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.

Section 1003.2(c)(3) details exceptions which do not apply to Li's case.