**XINGYUN DONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

**No. 05–0049–AG.**

United States Court of Appeals, Second Circuit.

March 30, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Dehai Zhang, Flushing, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, William L. Deneke, Assistant United States Attorney, Nashville, Tennessee, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xingyun Dong petitions for review of the BIA's December 30, 2004 denial of his motion to reopen his deportation proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. B.I.A.,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). A party may file only one motion to reopen, which must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding the party is seeking to reopen. 8 C.F.R. § 1003.2(c)(2) (2005); *see also Li Yong Zheng v. United States DOJ,* 416 F.3d 129, 130 (2d Cir. 2005). Dong's brief appears to challenge the BIA's February 10, 2003 denial of his first motion to reopen on the ground of ineffective assistance of counsel because his attorney allegedly counseled him not to testify about his wife's sterilization during his asylum hearing. Because Dong did not file a timely petition for review of that denial, we have no jurisdiction to review that decision and cannot address the underlying ineffective assistance of counsel claim. *See* 8 U.S.C. § 1252(b)(1) (stating that a petition for review must be filed no later than 30 days after the date of a final order of removal); *see also Malvoisin v. I.N.S.,* 268 F.3d 74, 75 (2d Cir.2001) ("[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite."); *Paul v. I.N.S.,* 348 F.3d 43, 45 (2d Cir.2003) ("[W]e may not extend the thirty-day deadline for such petitions even upon a showing of good cause."); *Ke Zhen Zhao v. United States DOJ,* 265 F.3d 83, 89 (2nd Cir.2001) (stating that the denial of a motion to reopen or reconsider is a final order within the meaning of 8 U.S.C. § 1252(b)(1)).

Dong filed his second motion to reopen with the BIA in September 2004, more than 90 days after the BIA's final administrative decision, causing him to have exceeded both the time and numerical limitations for motions to reopen. An exception to the time and numerical limitations is available, however, if the party can show changed circumstances in the designated country of deportation. 8 C.F.R.

§ 1003.2(c)(2) (2005). We find no abuse in the BIA's determination that Dong had failed to show changed country circumstances to support his motion to reopen.

As a preliminary matter, Dong appears to have waived his claim that Chinese officials' discovery of his having left China illegally is a changed circumstance, as he mentions this claim nowhere in his brief. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Dong argues only that his wife's sterilization in conjunction with changes in United States law constitutes changed circumstances. On its face, Dong's wife's sterilization is not a changed circumstance because, as Dong has claimed, it occurred in January 1997, before his asylum hearing.

Dong further argues that his failure to file a timely motion to reopen should be excused because even if he had testified at his December 1997 asylum hearing that his wife had been sterilized, he would have nevertheless been denied asylum because the law at the time of his hearing did not recognize that someone who had been sterilized did not have a well-founded fear of persecution. Dong contends that only with the issuance of the BIA's decision in *Matter of Y–T–L–*, 23 I. & N. Dec. 601, 607 (BIA 2003) (finding that forced sterilization is better viewed as an ongoing act of persecution) would his wife's sterilization have made him eligible for asylum. This description of the state of United States law is simply incorrect. In *Matter of C–Y–Z–*, 21 I. & N. Dec. 915, 919 (BIA June 4, 1997), the BIA had already found that the forced sterilization of an applicant's spouse constituted persecution of the applicant, for which the applicant was entitled to a presumption of a well-founded fear of fu-

ture persecution, unless the government rebutted that presumption by showing changed country conditions. *Id.*

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.