**YAN HUA CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 04–1760–ag.

United States Court of Appeals,
Second Circuit.

Dec. 5, 2006.

112

Edward J. Cuccia, New York, New York, for Petitioner.

Catherine L. Hanaway, United States Attorney, Eastern District of Missouri; Andrew J. Lay, Assistant United States Attorney, St. Louis, Missouri, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Hua Chen, a native and citizen of the People's Republic of China, seeks review of a March 9, 2004 order of the BIA affirming the June 13, 2000 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Hua Chen*, No. A 5 70 531 028 (B.I.A. March 9, 2004), *aff'g* No. A 70 531 028 (Immig. Ct. N.Y. City June 13, 2000). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Overall, substantial evidence supports the IJ's adverse credibility determi-

nation. The IJ appropriately based her decision, in part, on the inconsistencies between Chen's testimony and original asylum application, in which Chen omitted such events as his wife's forced intrauterine device insertion and sterilization. These discrepancies involved the crux of Chen's claim and therefore substantiated the IJ's adverse credibility ruling. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). In addition, the record supports the IJ's negative demeanor finding. Because a fact-finder who assesses testimony together with demeanor is in the best position to discern more accurately the impression conveyed by the witness, and because the IJ's finding of non-responsiveness was supported by the record, the IJ reasonably found that this factor undermined Chen's credibility. *See Zhou Yun Zhang,* 386 F.3d at 73. Similarly, the record supports the IJ's finding that Chen was contradictory when testifying regarding the incident in which the family planning authorities first came to his home after his wife went into hiding. While the inconsistencies regarding this incident may have been minor, when taken together "the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Further, the IJ reasonably faulted Chen for failing to offer evidence regarding the forcible aspect of the alleged sterilization, such as an affidavit from his wife, and did not err in failing to address whether such evidence was reasonably available, as his testimony was not otherwise credible. *See also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006). The IJ also reasonably found that the fact that Chen did not leave China until six years following the alleged sterilization undermined his claim that it occurred on a forced basis. Moreover, the record supports the IJ's finding that Chen's depar-

ture was primarily "occasioned by economic incentives" when Chen testified that he felt it necessary to leave because it was "very hard to live in China," his job had been taken away, and "also, they stop[ped] by in the house all the time and ask[ed] for money."

█ Even if the IJ erred in discounting Chen's documentary evidence for lack of authentication, this case need not be remanded because the IJ's adverse credibility determination was amply supported by alternate error-free findings. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 402 (2d Cir.2005). Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). In addition, we will not review Chen's CAT claim because he failed to exhaust it at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

█ Finally, despite Chen's apparent desire to challenge the BIA's denial of his two subsequent motions, this Court has jurisdiction to review only the March 2004 order affirming the IJ's decision, where there is no indication that he filed a petition for review of any other decision. *See* 8 U.S.C. § 1252(b)(1) (providing that a petitioner must file a petition for review of a BIA order within thirty days of entry of the order); *Paul v. INS,* 348 F.3d 43, 45 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part.