**Mark GEGAJ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3029–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

**Background:** Alien petitioned for review of order of Board of Immigration Appeals (BIA) denying motion to reopen removal proceedings.

**Holding:** The Court of Appeals held that BIA did not abuse its discretion in finding that the alien failed to establish changed circumstances in Albania.

Charles Christophe, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James E. Grimes, Office of Immigration Litigation; Michael H. Park, Office of Legal Counsel, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mark Gegaj, a native and citizen of Albania, seeks review of a June 29, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Mark Gegaj,* No. A 95 146 530 (B.I.A. June 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Gegaj's motion as untimely. *See* 8 C.F.R. § 1003.2(c)(2). The final order in these proceedings was entered by the BIA in February 2004, and Gegaj did not file his motion to reopen until April 2007, well beyond the 90–day filing deadline. 8 C.F.R § 1003.2(c)(2).

Furthermore, the BIA reasonably found that Gegaj failed to establish that he qualified for an exception to the time limitation for motions to reopen. These limitations do not apply if the motion to reopen is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA reasonably found that Gegaj had not demonstrated a change in circumstances in Albania where: (1) some of the evidence he submitted in support of his motion to reopen was cumulative with evidence that was previously considered; (2) he failed to demonstrate that the evidence could not have been presented at the hearing below; and (3) the evidence does not demonstrate a change in circumstances in Albania.

As the BIA found, much of the evidence Gegaj submitted in support of his motion to reopen addressed the persecution of his father and grandfather, which occurred years ago. As such, this evidence was previously available and failed to demonstrate a change in circumstances in Albania. 8 C.F.R. § 1003.2(c)(3)(ii). Gegaj did not provide any evidence in support of his assertion that "dangers associated with obtaining the documents from Albania" prevented him from submitting them at an earlier date. In addition, the evidence Gegaj submitted regarding incidents in which individuals shot at the office of a Democratic Party candidate and a crucifix was knocked over fail to demonstrate that he would be persecuted or tortured for being a Democratic Party member. Moreover, the 2006 U.S. Department of State Country Report on Human Rights Practices in Albania does not mention the persecution or torture of Democratic Party members and, further, states that there were no reports of political prisoners or detainees that year. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 185–86 (2d Cir.2006) (describing a "substantial change" towards democracy now that the Democratic Party is in power in Albania).

To the extent that Gegaj challenges the agency's adverse credibility determination, his arguments are beyond this Court's purview. A petitioner must file a petition for review of a BIA order within thirty days of the entry of that order. *See Paul v. INS*, 348 F.3d 43, 45 (2d Cir.2003); 8 U.S.C. § 1252(b)(1). Accordingly, we have jurisdiction to review only the BIA's June 2007 order denying his motion to reopen. *See* 8 U.S.C. § 1252(b)(1). Accordingly, the BIA properly denied Gegaj's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).