JIN WANG YOUNG a.k.a. Young Jin Wang, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–3051–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Mona Maria Yousif, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Wang Young, a native and citizen of the People's Republic of China, seeks review of a June 29, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Jin Wang Young a.k.a. Young Jin Wang,* No. A 77 924 751 (B.I.A. June 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen, this Court reviews the decision for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). There may be

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

an abuse of discretion if the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal quotation marks and citations omitted).

The BIA did not abuse its discretion in denying Young's motion as untimely and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2). The final order in these proceedings was entered in December 2002, and Young did not file his motion to reopen until November 2006, well beyond the 90–day filing deadline. 8 C.F.R § 1003.2(c)(2). Moreover, to the extent that the BIA construed Young's March 2003 motion as a motion to reopen, it properly denied his November 2006 motion to reopen as numerically barred. *See id.*

Furthermore, the BIA properly found that Young failed to establish that he qualified for an exception to the time and number limitations for motions to reopen. These limitations do not apply if the motion to reopen is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). Here, as the BIA found, Young did not demonstrate changed circumstances in China by asserting that a change in law *in the United States* rendered him eligible for asylum. The letter from his father that he submitted asserted only that local Chinese authorities continued to look for Young and to harass his family.

In any event, the BIA did not abuse its discretion in denying Young's motion because he never filed a petition for review

challenging the agency's adverse credibility determination in the first instance. *See Kaur*, 413 F.3d at 234. The Government correctly asserts that Young's challenge to the agency's adverse credibility determination is beyond this Court's purview. A petitioner must file a petition for review of a BIA order within thirty days of entry of the order. *See Paul v. INS*, 348 F.3d 43, 45 (2d Cir.2003); 8 U.S.C. § 1252(b)(1). Despite Young's apparent desire to challenge his final order of removal at this stage, we have jurisdiction to review only the June 2007 order denying his second motion to reopen. *See* 8 U.S.C. § 1252(b)(1).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, the pending motion for a stay of removal is DISMISSED as moot.