**LI YAO ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–5693–ag.

United States Court of Appeals, Second Circuit.

Sept. 25, 2008.

John Z. Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Scott Rempell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Yao Zheng, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA denying his motion to reopen. *In re Li Yao Zheng,* No. A 73 538 537 (B.I.A. Nov. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, in his petition for review, Zheng challenges the BIA's decision on appeal, in addition to the underlying agency decision denying his family planning-based asylum application. Despite Zheng's attempt to challenge the underlying merits decision, our jurisdiction is limited to the BIA's November 2007 order denying his third motion to reopen. *See Paul v. INS,* 348 F.3d 43, 45 (2d Cir.2003); 8 U.S.C. § 1252(b)(1).

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of motions to reopen, this Court has remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

█ Here, The BIA did not abuse its discretion in denying Zheng's June 2007 motion to reopen—his third such motion and the fifth motion he filed since his order of removal became final in 1997. First, it is beyond dispute that Zheng's motion was both untimely and numerically barred. *See* 8 C.F.R § 1003.2(c)(2).

In addition, the BIA properly determined that Zheng was not eligible for an exception to the time limitation for motions to reopen because he failed to submit any evidence establishing a change in country conditions in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Zheng asserts in his brief to this Court that he has been promoting the China Democratic Party ("CDP") in the United States since November 1996, by sending out e-mails, publishing essays, and attending protests. He states that another CDP member was arrested in China and sentenced to eight years in prison for similar activities, as detailed in a Sichuan Province appellate decision characterizing the CDP as a "hostile" overseas organization. Because Zheng does not argue, as he did before the BIA, that this characterization in itself is a changed circumstance in China, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005)

Furthermore, while Zheng asserts that his wife sent him a letter indicating that he is wanted by the Chinese government due to his activities with the CDP, the Government correctly notes that he failed to raise this assertion before the BIA. Thus, we decline to review as unexhausted any argu-

ment that Zheng has established changed country conditions on the basis of the alleged letter. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (describing issue exhaustion as "mandatory"); *see also* 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

▆▆▆ The BIA also properly found that reopening was not warranted to the extent Zheng's motion was based on his participation in the CDP in the United States alone. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006). It is well-established that such a change in personal circumstances does not suffice to except a motion from the applicable time and numerical limitations. *See id.* Moreover, the BIA's refusal to reopen Zheng's case *sua sponte* under 8 C.F.R. § 1003.2(a) was entirely discretionary, and any challenge to that decision is beyond our review. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006). Accordingly, the BIA's denial of Zheng's motion to reopen was not an abuse of discretion, *see Kaur,* 413 F.3d at 233, and we need not reach the BIA's alternate finding that Zheng failed to establish *prima facie* eligibility for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).