**Fran Zef PLLUMBAJ, Anita Pllumbaj, Almarina Pllumbaj, Aldo Pllumbaj, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5028–ag.

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

---

Michael P. Diraimondo, New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; James E. Grimes, Senior Litigation Counsel; Erica B. Miles, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners, natives and citizens of Albania, seek review of an October 15, 2007 order of the BIA denying their motion to reopen. *In re Fran Zef Pllumbaj, Anita Pllumbaj, Almarina Pllumbaj, Aldo*

*Pllumbaj,* Nos. A 95 150 229, A 95 150 230, A 95 150 231, A 95 150 232 (B.I.A. Oct. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, despite petitioners' attempt to challenge their final orders of removal, this Court has jurisdiction to review only the October 2007 BIA order denying their March 2005 motion to reopen. 8 U.S.C. § 1252(b)(1) (providing that a petitioner must file a petition for review of a BIA order within thirty days of entry of the order); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005); *See Paul v. INS,* 348 F.3d 43, 45 (2d Cir.2003).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. § 1003.2(c)(1).

■ Here, the BIA did not abuse its discretion in denying Petitioners' motion to reopen. *See Kaur,* 413 F.3d at 233–34. The BIA accurately noted that the affidavit submitted by Petitioners relied substantially on information that was previously available and did not establish that significant changes had occurred in Albania that would have any bearing on their claim. *See* 8 C.F.R. § 1003.2(c)(1). For example, in asserting that Fran Pllumbaj "should fear" the Socialist police, the affidavit references a 2001 Amnesty International report stating that the police beat and otherwise abused suspects, detainees and prisoners. Similarly, in addressing Fran Pllumbaj's fear that his child would be kidnapped, the affidavit cites to a 2003 Human Rights Watch report indicating that kidnaping and human trafficking continued to be a "serous problem" in Albania.

■ Further, the BIA properly found that the documents that Pllumbaj submitted in support of his motion to reopen were not material because they did not overcome the underlying determination that he failed to demonstrate a nexus between the harm he suffered and feared in Albania and a protected ground. *See* 8 C.F.R § 1003.2(c)(1). In this regard, the record supports the BIA's finding that neither the affidavit nor additional country conditions material established that any harm that Pllumbaj suffered or feared in Albania was due to his political beliefs. For instance, the affidavit does not point to anything in the record indicating that Pllumbaj had been or would be targeted on account of his political opinion or any other statutorily protected ground. *See* 8 U.S.C. § 1101(a)(42). Indeed, Pllumbaj testified that the terrorist group he claimed was responsible for his attempted murder wanted to punish him because he was involved in the arrest of three soldiers affiliated with the group.

■ Under these circumstances, the BIA reasonably found that Fran Pllumbaj failed to establish that the harm he suffered or feared in Albania was motivated by reasons other than retaliation for his role in the apprehension of the soldiers. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005); *see also Koudriachova v. Gonzales,* 490 F.3d 255, 261 (2d Cir.2007)("[A] former police officer singled out for reprisal because of her role in disrupting particular criminal activity would likely not be eligible for asylum" (citing *In re C–A–,* 23 I. & N. Dec. 951, 959 (BIA 2006))). Moreover, the BIA was not required specifically to address each aspect of Petitioners' documentary evidence and background materials, when it gave reasoned consideration to their application. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006) (emphasizing that, where the agency has given

reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented).

In light of the above, the BIA's denial of Pllumbaj's motion was not an abuse of discretion. *Kaur*, 413 F.3d at 233–34. Accordingly, any argument that the BIA violated his due process rights or abused its discretion when it failed to reopen his removal proceedings, is without merit. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir. 2006)("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard." (quoting *Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir.2004))).

For the foregoing reasons, the petition for review is DENIED.