09-3719-cv
Cherif v. Department of Homeland Security (District Counsel)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand and ten.

PRESENT: AMALYA L. KEARSE,
RICHARD C. WESLEY,
*Circuit Judges*,
PAUL A. CROTTY,
*District Judge*.[*]

_____

DR. SOULEYMANE CHERIF,

*Plaintiff-Appellant*,

-v.-                                        09-3719-cv

DEPARTMENT OF HOMELAND SECURITY
(District Counsel), and BUREAU OF
CITIZENSHIP AND IMMIGRATION SERVICES,
VERMONT SERVICE CENTER (Service
Counsel),

*Defendants-Appellees*.[**]

_____

[*] The Honorable Paul A. Crotty, United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this summary order.

FOR APPELLANT:                    DR. SOULEYMANE CHERIF, *pro se*,
                                  New York, NY.

FOR APPELLEES:                    SUE CHEN, Special Assistant
                                  United States Attorney (Benjamin
                                  H. Torrance, Assistant United
                                  States Attorney, *on the brief*),
                                  *for* Preet Bharara, United States
                                  Attorney for the Southern
                                  District of New York, New York,
                                  NY.

Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff, a native and citizen of Cote d'Ivoire who proceeded *pro se* throughout these proceedings, appeals the June 5, 2009 decision of the district court dismissing his complaint.  We presume the parties' familiarity with the facts, the procedural history, and the issues in the appeal.

Plaintiff commenced this action seeking an order directing the government to reopen the proceedings that led to the denial of his visa application.  In a May 3, 2006 Report and Recommendation, a magistrate judge recommended that the district court transfer the matter to this Court pursuant to 28 U.S.C. § 1631.  By order dated June 5, 2009, however, the district court declined that course and instead

2

dismissed the complaint. *Cherif v. Dep't of Homeland Sec.*, No. 04 Civ. 5727, 2009 WL 1619903 (S.D.N.Y. June 5, 2009). In declining to transfer, the court held that the "REAL ID Act . . . requires such transfers [to the Court of Appeals] only where the action seeks review of a final order of removal," but that "Plaintiff sought only to compel the Associate Commissioner to reopen the decision revoking the approval of his visa petition." *Id.* at *2. The district court reasoned further that, even if the complaint was construed as a challenge to a subsequent order that he be removed from the country, this Court would lack jurisdiction over any challenge to that order because plaintiff failed to exhaust his administrative remedies before the Board of Immigration Appeals. *See id.* at *3 n.3.

Finally, in dismissing the action, the district court found the complaint insufficient, noting that although it sought an order compelling the agency to reopen the visa petition proceedings, both the complaint and the agency's records showed that the motion to reopen had in fact been granted. The court ruled that the fact that the agency had, after reopening the proceedings, decided to adhere to its original decision afforded plaintiff no grounds for relief.

3

We review *de novo* the district court's legal conclusions regarding the legal sufficiency of plaintiff's complaint, *see Ajlani v. Chertoff*, 545 F.3d 229, 233 (2d Cir. 2009), and we review for abuse of discretion the district court's decision declining to transfer the action to this Court pursuant to 28 U.S.C. § 1631, *see Paul v. INS*, 348 F.3d 43, 46 (2d Cir. 2003).  In doing so, we are mindful of plaintiff's *pro se* status and therefore liberally construe his pleadings and submissions.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Nevertheless, having conducted a thorough and independent review of the record, as well as considered all of plaintiff's arguments on this appeal, we affirm for reasons substantially similar to those stated by the district court.

Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk